IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3080-D

ROCKY LEE DEWALT,  )
  )
        Plaintiff,  )
  )
v.  )  **ORDER**
  )
OFFICER HART, et al.,  )
  )
  )
        Defendants.  )

On May 1, 2009, Rocky Lee Dewalt ("Dewalt" or "plaintiff"), a state inmate currently incarcerated at Maury Correctional Institution ("MCI"),[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Dewalt proceeds pro se and in forma pauperis [D.E. 2]. On December 8, 2009, and January 27, 2010, Dewalt responded to the court's order directing him to particularize his claims [D.E. 9, 10]. The court reviewed the amended complaint, allowed the action to proceed [D.E. 11], and directed North Carolina Prisoner Legal Services ("NCPLS") to investigate [D.E. 12]. On March 17, 2010, all defendants were served with the complaint [D.E. 17]. On May 11, 2010, NCPLS filed a response to the order of investigation which stated that appointment of counsel for Dewalt was not required [D.E. 19].

On June 10, 2010, all defendants answered the complaint [D.E. 20]. On August 13, 2010, defendants filed a motion for judgment on the pleadings [D.E. 23]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Dewalt about the motion

---

[1] The court takes judicial notice that Dewalt was transferred to MCI on January 5, 2011. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender. do?method=view&offenderID=0659907 (last visited Jan. 31, 2011). However, he has failed to notify the court of his change of address as required by Local Civil Rule 83.3, EDNC.

for judgment on the pleadings, the consequences of failing to respond, and the response deadline [D.E. 25]. On August 19, 2010, Dewalt responded in opposition [D.E. 26]. As explained below, the court grants the motion for judgment on the pleadings.

I.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute; therefore, the court can decide the case on its merits by considering the pleadings along with any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c).

The same standard applies to a motion for judgment on the pleadings under Rule 12(c) as for a motion to dismiss under Rule 12(b)(6). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302. Similarly, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Giarratano, 521 F.3d at 302.

Dewalt alleges that while he was incarcerated at Polk Correctional Institution ("PCI") his life

was put in danger because defendant Hart and unspecified "other officers . . . keep coming at [him]"[2] and a sergeant who is not a defendant in this action "let them do what they want [and] help[ed] them cover it up." Second Am. Compl. 1. Dewalt also alleges that on September 23, 2009, after he filed a grievance, defendant Hart and an officer who is not a defendant in this action assaulted him by "throw[ing] some stuff on [him]" while feeding him. Id. Dewalt further alleges that another individual who is not a defendant in this action did not allow Dewalt to get stamps to write to his family or provide him with "stuff" to file his "legal work." Id. Dewalt also alleges he was transferred to Central Prison in Raleigh "to cover up things" and as a result, did not receive the court's November 19, 2009 order for several days. First Am. Compl. 1. Construed liberally, Dewalt asserts an Eighth Amendment claim against Hart, and a First Amendment claim against unidentified prison officials.

To state a claim under 42 U.S.C. § 1983, Dewalt must allege: (1) that defendants deprived him "of a right secured by the Constitution and laws of the United States;" and (2) that defendants "deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) (quotations omitted); Kendall v. City of Chesapeake, 174 F.3d 437, 440 (4th Cir. 1999). As for Dewalt's allegations against defendant Hart, DeWalt seeks relief under the Eighth Amendment. The Eighth Amendment protects inmates from cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 298 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an Eighth Amendment claim for cruel and unusual punishment, a prisoner must establish a deprivation of a basic human need that was sufficiently serious, and that prison officials acted with a

---

[2] Defendants have attached to their answer a grievance Dewalt filed at PCI, alleging that he was threatened by an Officer Padilla, who is not a defendant to this action. Answer, Ex. A.

3

"sufficiently culpable state of mind." Wilson, 501 U.S. at 298. The objective element generally requires more than a de minimis use of force. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9–10 (1992). "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (per curiam). "The core judicial inquiry . . . [is] whether force was applied . . . maliciously and sadistically to cause harm." Id.

To the extent Dewalt alleges that Hart threatened him, but fails to allege that Hart took steps to carry out the threat, Dewalt fails to state a claim. See, e.g., Wilson v. McKellar, 254 F. App'x 960, 961 (4th Cir. 2007) (per curiam) (unpublished); Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992). Thus, the court dismisses the claim.

To the extent Dewalt alleges Hart "thr[e]w some stuff on him," he likewise fails to state a claim. As the Supreme Court recently stated:

> Not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.

Wilkins, 130 S. Ct. at 1178 (quotation and citations omitted). Dewalt's failure to allege any injury from the incident indicates that the amount of force applied was de minimis. Id. Moreover, Dewalt has not alleged that Hart used force "of a sort repugnant to the conscience of mankind." Id. Thus, the court dismisses this claim.

As for defendants Webster and Royster, the complaint lacks any allegations against them. However, a section 1983 plaintiff must allege the personal involvement of a defendant in order to state a claim against that defendant. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92

4

(1978); see also Portee v. Felder, C.A. No. 2:07-945-PMD-RSC, 2008 WL 2252325, at *4 (D.S.C. May 28, 2008) (unpublished) (failure to mention defendant in body of section 1983 complaint warrants dismissal on that basis) (collecting cases). Thus, the court dismisses any claim against Webster and Royster.

As for Dewalt's claim for denial of access to the courts, Dewalt fails to identify who allegedly denied him access to the courts. Thus, the claim fails.

Alternatively, inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Lewis v. Casey, 518 U.S. 343, 350–51 (1996); Ex parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis, 518 U.S. at 351–57; Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Further, isolated incidents without negative consequences to plaintiff do not constitute a constitutional deprivation of one's rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983).

DeWalt has failed to allege harm due to the alleged interference with his materials. Accordingly, the court dismisses the claim.

II.

As explained, the court GRANTS defendants' motion for judgment on the pleadings [D.E. 23]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 31 day of January 2011.

JAMES C. DEVER III
United States District Judge